UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TRUSTEES OF THE LOCAL 210 UNITY
PENSION FUND,

               Plaintiffs,

                                   MEMORANDUM AND ORDER
    -against-                  10-CV-788 (JS)(AKT)

COUNTRY CADILLAC, BUICK, PONTIAC
AND GMC TRUCK, LLC,

               Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Danielle Marlene Carney, Esq.
                  Barnes, Iaccarino & Shepherd, LLP
                  3 Surrey Lane
                  Hempstead, NY 11550

For Defendant:     No appearances.

SEYBERT, District Judge:

       Pending before the Court is Plaintiffs' default judgment motion. That motion is GRANTED AS TO LIABILITY. The Court RESERVES JUDGMENT on the issue of damages.

## BACKGROUND

       This is an action by a multiemployer pension plan to collect ERISA withdrawal liability. On December 1, 2005, Defendant became obligated to contribute to a pension fund under a collective bargaining agreement it reached with Local Warehouse and Production Employees, Union Local, AFL-CIO. Compl. ¶ 8. The Plaintiffs are that pension fund's trustees. Compl. ¶¶ 4, 5.

On December 31, 2008, Defendant withdrew from the pension fund. Compl. ¶ 9. By letter dated August 10, 2009, Plaintiffs asserted that Defendant had statutory withdrawal liability. Compl. ¶ 10 (citing 29 U.S.C. §§ 1382, 1399). According to Plaintiffs, these assessments total $33,202. See Docket No. 7. On December 15, 2009, Plaintiffs advised Defendant that its withdrawal liability payment was past due, and that a failure to cure the deficiency within sixty (60) days would be considered a default. Compl. ¶ 12. The Defendant failed to cure the default within this time period. Compl. ¶ 12. So Plaintiffs commenced this action, seeking unpaid assessments, accrued interest, liquidated damages, attorneys' fees, and court costs.

Plaintiffs filed their Complaint on February 22, 2010. On March 11, 2010, Plaintiffs served Defendant with a copy of the Summons and Complaint. See Docket No. 2. Defendant failed to answer, move, or otherwise respond to the Complaint, or even appear in this litigation. So, on May 26, 2010, Plaintiffs moved for entry of default, and for a default judgment. On May 27, 2010, the Clerk of the Court entered Defendant's default. On November 9, 2010, Plaintiffs submitted supplemental paperwork in support of their default judgment motion.

DISCUSSION

I.  Applicable Standard

A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. 2007). A default judgment entered on the well-pled allegations in the complaint establishes a defendant's liability. See Garden City Boxing Club, Inc. v. Morales, 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. 2005). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek.

In determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These factors are: (1) whether the default was willful; (2) whether ignoring the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Id.

II. Plaintiffs are Entitled to a Default Judgment on Liability

As to the first factor, the failure of Defendant to respond to the Complaint sufficiently demonstrates willfulness. See Gesualdi v. MMK Trucking, Inc., 09-CV-1484, 2010 WL 3619569, at *3 (E.D.N.Y. Aug. 24, 2010). Plaintiffs have submitted

3

affidavits of service to the Clerk of the Court demonstrating that, on March 11, 2010, they served the Summons and Complaint upon the New York State Department of State, which was Defendant's Registered Agent for service of process. See Docket No. 2. Further, proof of service on Defendant is annexed as Exhibit B to the Affirmation of Danielle M. Carney in support of Plaintiffs' request for entry of default. See Docket No. 4. As noted above, Defendant never answered or responded in any way to the Complaint, nor did they request an extension of time to respond. Therefore, the record establishes that Defendant has acting willfully, in failing to respond to the Complaint.

Next, the Court must consider whether Plaintiffs would be prejudiced if their default judgment motion would be denied. Denying this motion would prejudice Plaintiffs "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, 06-CV-14226, 2008 WL 5560868, at * 2 (S.D.N.Y. 2008).

Finally, the Court must consider whether Defendant has a meritorious defense. The Court is unable to make a determination, because they have presented no such defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Chen

v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (internal citations and quotations omitted). The Complaint, the allegations of which are deemed admitted by Defendant in light of its default, asserts a valid ERISA claim. ERISA sets forth that, when an employer withdraws from a multiemployer plan, it owes "withdrawal liability," as determined by the plan's sponsor. 29 U.S.C. § 1381 et. seq. And here, Plaintiffs allege that Defendant withdrew from a multiemployer pension plan, and defaulted from its obligations to pay withdrawal liability.

As all three factors have been met, a default judgment is warranted. Consequently, Plaintiffs' motion for a default judgment is GRANTED as to liability.

## II. Damages

Since this action is based on withdrawal liability calculations and costs "which can, by mathematical computation, be made certain, there is no need for [Plaintiffs] to prove the amount of damages at an inquest proceeding." Muskin v. Ketchum, 2004 U.S. Dist. LEXIS 20976, at *3 (S.D.N.Y. 2004). In addition, an evidentiary hearing is not required so long as there is a basis for the damages awarded. See Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted). For these reasons, the Court decided to handle Plaintiffs' motion itself, rather than

referring it to a Magistrate Judge for a Report and Recommendation.

Having done so, the Court finds that Plaintiffs have not sufficiently proved their damages. Plaintiffs' most recent affirmation, dated November 1, 2010, claims total withdrawal liability of $33,202. Carney Aff. ¶ 4. But the calculations provided reflect an "Allocation of Withdrawal Liability" that pegs the figure at $32,764. Docket No. 4-1 at p. 2, § 7. Additionally, although Plaintiffs' May 24, 2010 affirmation reports that Plaintiffs "consented to [an] arbitration award" and have submitted "a copy of the CBA," the Court has received no such documents, nor any other evidence of a relevant arbitration award.

Plaintiffs' interest calculation is equally infirm. Plaintiffs seek interest in the amount of $1,660.10, reflecting 5% of the withdrawal liability. Plaintiffs do not explain, however, how they arrived at this figure. And it is odd that "interest" would be a flat 5% sum, regardless of how much time has passed since Defendant defaulted on its withdrawal liability obligations.

To that end, the Court cannot, at this stage, award Plaintiffs a full default judgment. Rather, the Court RESERVES JUDGMENT as to damages. Within twenty (20) days of this Order, Plaintiffs are directed to file: (i) sufficient documentary

referring it to a Magistrate Judge for a Report and Recommendation.

Having done so, the Court finds that Plaintiffs have not sufficiently proved their damages. Plaintiffs' most recent affirmation, dated November 1, 2010, claims total withdrawal liability of $33,202. Carney Aff. ¶ 4. But the calculations provided reflect an "Allocation of Withdrawal Liability" that pegs the figure at $32,764. Docket No. 4-1 at p. 2, § 7. Additionally, although Plaintiffs' May 24, 2010 affirmation reports that Plaintiffs "consented to [an] arbitration award" and have submitted "a copy of the CBA," the Court has received no such documents, nor any other evidence of a relevant arbitration award.

Plaintiffs' interest calculation is equally infirm. Plaintiffs seek interest in the amount of $1,660.10, reflecting 5% of the withdrawal liability. Plaintiffs do not explain, however, how they arrived at this figure. And it is odd that "interest" would be a flat 5% sum, regardless of how much time has passed since Defendant defaulted on its withdrawal liability obligations.

To that end, the Court cannot, at this stage, award Plaintiffs a full default judgment. Rather, the Court RESERVES JUDGMENT as to damages. Within twenty (20) days of this Order, Plaintiffs are directed to file: (i) sufficient documentary

evidence to justify their damages, including any applicable "CBA" or pension plan; (2) a spreadsheet or worksheet that properly calculates damages; and (3) declarations that identify the relevant sections of the documentary evidence, works the Court through how the relevant damages figures were arrived at, and explains any apparent discrepancies, such as why the allocation of withdrawal liability might differ from the sum of the required quarterly payments. In fulfilling these obligations, Plaintiff may want to consult the documentary evidence and inquest testimony adduced in 10-CV-1404 (JS) (ETB) (E.D.N.Y.), a matter which alleged similar claims. Alternatively, upon Plaintiffs' request, the Court can refer this matter to Magistrate Judge A. Kathleen Tomlinson for an inquest or evidentiary hearing.

## CONCLUSION

Plaintiffs' motion for a default judgment is GRANTED AS TO LIABILITY. The Court RESERVES JUDGMENT on an appropriate damages award, pending further evidentiary submissions.

SO ORDERED.

/s/ JOANNA SEYBERT\
Joanna Seybert, U.S.D.J.

Dated: January  31 , 2011\
Central Islip, New York